## H. M. WRIGHT & Co. *v.* LINK & HARRISON.

ATTACHMENT FOR RENT: ONLY ALLOWABLE TO LANDLORD OR ASSIGNEE OF THE LEASED PREMISES.—The assignee of a note or other security, given for rent, is not entitled to an attachment against the goods of the lessee, to enforce its

collection : the remedy by attachment for the non-payment of rent extends only to the landlord and to the assignee of the *leased premises.*

IN error from the Circuit Court of Yazoo county.  Hon. E. G. Henry, judge.

*N. G.* and *S. E. Nye,* for the plaintiffs in error,

Cited Hutch. Dig. 808, 811; *Banks* v. *Cage,* 1 How. Miss. 293; *Jones* v. *Miles,* Ib. 50.

*Gibbs* and *Wilkinson,* contrâ,

Cited *Torons* v. *Boarman,* 23 Miss. R. 186; *Tooley* v. *Culbertson,* 5 How. Miss. R. 267 ; *Canterberry* v. *Jordan,* 27 Miss. R. 96.

HANDY, J., delivered the opinion of the court.

This was a motion in the court below for the appropriation of certain money in the hands of the sheriff, under the following circumstances :—

About the first of December, 1856, two judgments were rendered in the Circuit Court of Yazoo county against one Dyer, one in favor of A. J. Bynam, and the other in favor of H. M. Wright & Co.  Under executions issued upon these judgments, the sheriff of Yazoo county levied upon certain goods and merchandise, as the property of the defendant Dyer, found upon two lots of ground in Yazoo city, known as lots 317 and 318, and sold the goods and merchandise on the 2d and 3d days of February, 1857, for the sum of $1281 46.

On the 3d January, 1857, Link & Harrison obtained an attachment for rent, to be issued against the firm of F. B. Hilliard & Co., of which Dyer, the defendant in the above executions, was a partner, upon affidavit that Hilliard & Co. were indebted to them in the sum of $800, for the rent of part of the two lots above mentioned; which attachment was, on the same day on which it was issued, levied upon the same goods and merchandise taken under the executions above mentioned; and on the 2d and 3d days of February, 1857, the property was sold under the attachment as well as under the executions.

The sheriff moved the Circuit Court, at its next succeeding term,

for directions as to the application of the funds of the sales ; and the court ordered the money to be first applied to the satisfaction of the attachment; to which order the plaintiffs in the executions excepted.

Upon the hearing of the motion, it was admitted that the executions were in all respects regular ; and it was proposed to be proved in behalf of the plaintiffs in the executions, that the claim of Link & Harrison for rent was as follows : one Powell, being the owner of the lots 317 and 318, about the 1st January, 1856, rented them to the firm of F. B. Hilliard & Co. for the year 1856, for the sum of $800 ; and Powell, being indebted to Link & Harrison, drew his draft in their favor for $800 on Hilliard & Co., which they accepted, the draft being given for what Hilliard & Co. would owe Powell for rent of the premises for the year 1856; but the court refused to receive this evidence, and there being no further evidence, except the processes in the sheriff's hands and his returns upon them, the court adjudged the money to the attachment creditors.

The question of jurisdiction of the court below, with respect to the attachment for rent, appears to be conceded, for the purpose of having the judgment of the court as to which of the parties was entitled to the money in the sheriff's hands. Otherwise the judgment awarding the money to the attachment would be plainly erroneous,—the court having no jurisdiction of the attachment, as the property attached had not been replevied. The rights of the parties will, therefore, be considered as having been fully submitted for determination upon the facts stated in the record.

By the rules of the common law, distress for rent could not be maintained, except when the relation of landlord and tenant subsisted between the parties ; and the same principle, is the foundation of the remedy of attachment for rent, provided by our statute. Hutch. Code, 808. The only extension of the remedy to other persons, appears to be to grantees and assignees of the leased premises, who are invested with the same rights as the lessor had against his lessee. Ib. 811, § 18.

It is manifest, in this case, that the relation of landlord and tenant did not subsist between Link & Harrison and Hilliard & Co., as the foundation of the claim for rent. Nor can Link & Harrison occupy the position of " assignees " of the leased premises under

the 18th section of the statute. They were merely the holders of a draft drawn by Powell, in consideration of an indebtedness by him to them, and accepted by Hilliard & Co., in consideration of their indebtedness to Powell for rent of the lots. They had nothing in the leased premises, and their claim was clearly not the basis of an attachment for rent. Their position was not better than if they had been the assignees of Powell of a note executed to him by Hilliard & Co. for the rent,—and that would not have entitled them to the remedy of attachment for rent; the reason of all which is, that the relation of landlord and tenant, or of grantee or assignee of the leased premises, must subsist, in order to entitle a party to the proceeding *in rem* to recover his debt.

As the claim of Link & Harrison rested solely upon their attachment, and as that could not be maintained under the circumstances, it follows that it was error to award the money in the sheriff's hands to the attachment, and that it was error to reject the evidence offered in behalf of the plaintiffs in the execution, to show that the attachment was not valid in law.

The judgment is reversed, and the case remanded for further proceedings.